An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN ALLEN LYTLE AND TRUDI LEE
LYTLE, AS TRUSTEES OF THE LYTLE
TRUST,
Appellants,
vs.
ROSEMERE ESTATES PROPERTY
OWNERS ASSOCIATION, A NEVADA
NON-PROFIT CORPORATION,
Respondent.

No. 60657

**FILED**

DEC 2 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

JOHN ALLEN LYTLE AND TRUDI LEE
LYTLE, AS TRUSTEES OF THE LYTLE
TRUST,
Appellants,
vs.
ROSEMERE ESTATES PROPERTY
OWNERS ASSOCIATION, A NEVADA
NON-PROFIT CORPORATION,
Respondent.

No. 61308

### ORDER VACATING AND REMANDING

These are consolidated appeals from a district court final judgment in a real property and declaratory relief action (Docket No. 60657) and a post-judgment award of attorney fees (Docket No. 61308). Eighth Judicial District Court, Clark County; Rob Bare, Judge.

Having considered the record, we conclude that the Lytles' actions during the NRED arbitration were sufficient to "submit" their slander of title claim to the NRED arbitrator for purposes of NRS 38.330(5). We also conclude that the Lytles did not need to establish that

15-39048

they suffered monetary damages for their remaining claims to be viable. Accordingly, we vacate the district court's summary judgment.[1]

In light of our conclusion that summary judgment was improperly granted, we vacate the district court's June 5, 2012, order awarding attorney fees, costs, and damages to Rosemere, as Rosemere at this point is not the prevailing party. For the same reasons, we vacate the district court's August 13, 2012, order awarding supplemental attorney fees that the Lytles are challenging in Docket No. 61308.

Consistent with the foregoing, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[1]We have considered Rosemere's alternative arguments as to why the Lytles' claims fail on their merits. Based on the current record, we are unable to determine that all aspects of the Lytles' claims would fail as a matter of law.

[2]To the extent that our resolution of these appeals may appear inconsistent with our resolution of the appeal in Docket No. 63942, we note that our resolution of these appeals was premised in part on the Lytles' stipulation as to the amended CC&Rs' validity.

cc: Hon. Rob Bare, District Judge
Persi J. Mishel, Settlement Judge
Sterling Law, LLC
Leach Johnson Song & Gruchow
Eighth District Court Clerk